Thomas E. McDermott, OSB #762430
Email: tmcdermott@lindsayhart.com
James Molyneux-Elliot, OSB #205062
Email: jmolyneux-elliot@lindsayhart.com
LINDSAY HART, LLP
900 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-1206
Phone: 503-226-7677
Fax: 503-226-7697
    *Attorneys for City of Umatilla and CIS*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Fred Cohu as Owner of the Vessel GINGER LEE, Oregon Hull Identification No. HMH0032M79C, for Exoneration from and/or Limitation of Liability | Case No. 2:26-cv-01343-HL<br><br>**ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CITYCOUNTY INSURANCE SERVICES (CIS)**<br><br>**[46 U.S.C. § 30501 et seq.; and Federal Rules of Civil Procedure Supplemental Rule F]** |

The City of Umatilla, Oregon, and CityCounty Insurance Services ("CIS") (together "Claimants") by and through their counsel of record, answer the Plaintiff-in-Limitation's Complaint in Admiralty for Exoneration From, or Limitation of, Liability ("Complaint"), present affirmative defenses, and make a claim against Plaintiff as follows:

**ANSWER**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

Page 1 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

5. Admitted.

6. Denied.

7. Admitted.

8. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies

16. Admitted.

17. Claimants admit Petitioner is seeking exoneration from or limitation of liability, and Claimants deny Petitioner is entitled to such relief.

18. Claimants admit Petitioner is seeking to create a concursus of claims, and Claimant denies Claimants' claims are subject to exoneration from or limitation of liability.

19. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies.

20. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies.

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

21. Claimants admit that the City of Umatilla, as owner of the Umatilla Marina, is hereby making a claim. The City's insurer, CIS, is also making a claim as it is subrogated partially to the City's rights. As to the remaining allegations, Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies.

22. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies.

23. Admitted.

24. Claimants deny any allegation that are not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

**(Failure to State a Claim)**

Petitioner fails to state a claim or cause of action upon which relief can be granted against Claimants.

### SECOND DEFENSE

**(Liability on Personal Contract of Owner)**

Petitioner is not entitled to limit his liability for liabilities which arise from the Moorage Lease Agreement that he entered into with the City of Umatilla, Oregon, as it is a personal contract.

### THIRD DEFENSE

**(Adequacy of Limitation Fund)**

Claimants reserve the right to contest the alleged fair market value of Petitioner's vessel and the adequacy of the security posted.

### FOURTH DEFENSE

**(Reservation)**

Claimants reserve the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

Page 3 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

## CLAIM

While specifically reserving all rights, claims, and defenses asserted herein, including, without limitation, the Claimants' rights to pursue any of their claims against Petitioner arising out of the incident in question, in another proceeding or forum, the Claimants state their claims against Petitioner and his Vessel as follows:

## JURISDICTION

1. Claimants' claims are Admiralty and Maritime Claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over these Claims pursuant to 28 U.S.C. § 1333 and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue for these Claims is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this district, specifically at the City of Umatilla's marina in Umatilla, Oregon. Further, venue is proper in this Court under Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## PARTIES

3. The City of Umatilla, Oregon operates a marina on the Columbia River and provides moorage to customers/tenants in exchange for payment.

4. CIS is an insurance provider and provides insurance to the City of Umatilla, Oregon. CIS is partially subrogated to the insured's (the City of Umatilla) rights in relation to the fire alleged by Petitioner.

5. Fred Cohu is a tenant of the City of Umatilla's marina and signed a Moorage Lease Agreement to store his vessel, a 1979 Holiday Mansion, No. HMH0032M79C, in B Dock, Slip 24.

/ / /

Page 4 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

## GENERAL ALLEGATIONS

6. Claimants incorporate and re-allege Paragraphs 1-5 of Claimants' Claim as if set forth here.

7. Petitioner Fred Cohu is the owner and operator of the vessel GINGER LEE, Oregon Hull Identification No. HMH0032M79C. Prior to the fire described herein, the Vessel was a 35-foot 1979 Holiday Mansion moored in the Umatilla Marina in Umatilla, Oregon. As a result of the fire, the Vessel was destroyed and its remnants sank.

8. Petitioner Fred Cohu entered into a "Moorage Lease Agreement" with the City of Umatilla to use the City of Umatilla's marina facilities to store the vessel bearing Oregon Hull Identification No. HMH0032M79C. The lease agreement was agreed to by Petitioner and the City of Umatilla.

9. Petitioner's lease agreement was signed and commenced on August 13, 2024. The original lease was for a period of one year. The lease was thereafter renewed and Petitioner continued paying monthly moorage fees through the date of the fire described herein. In the alternative, Petitioner remained as a holdover tenant subject to all same terms of the lease.

10. On January 19, 2026, the Vessel was moored at the Umatilla Marina, located near 1710 Quincy Ave, Umatilla, OR 97882, in Moorage No. B Dock Slip 24.

11. On January 19, 2026, a fire started on Petitioner Cohu's vessel. Thereafter, the fire damaged nearby vessels and the City of Umatilla's marina's structures, resulted in slips in the marina being out of commission and unable to be rented in exchange for money, and led to the City and/or CIS incurring costs related with removal of sunken vessels and debris and remediation associated with the fire.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

### Count 1 – CIS Claim for Breach of Contract

12. CIS incorporates the allegations in Paragraphs 1 through 11 of the Claim as if set forth fully here.

Page 5 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

13. CIS provided insurance to the City of Umatilla which covers part of the costs associated with the fire that started on Petitioner's vessel. Therefore, CIS is partially subrogated to the rights of the City of Umatilla under the lease signed by Petitioner Cohu, is a real party in interest, and stands in the shoes of the City to the extent it has paid the City for losses related to the fire.

14. The costs paid by CIS were the result of Petitioner Cohu's breach of the Moorage Lease Agreement entered into between him and the City of Umatilla.

15. The City of Umatilla and CIS Oregon did not breach the Moorage Lease Agreement.

16. Petitioner Cohu breached the Moorage Lease Agreement by:

   a.  Not maintaining his vessel in a seaworthy condition;

   b.  Not procuring insurance for the City by having the City named as an additional insured as required by the Moorage Lease Agreement;

   c.  Not maintaining his vessel in such a condition that it did not constitute a fire or sinking hazard;

   d.  Not removing his vessel from the City of Umatilla's marina immediately after the vessel sank;

   e.  Failing to indemnify the City of Umatilla and/or CIS for disposition of Petitioner's debris, waste, or refuse;

   f.  Failing to indemnify the City of Umatilla and/or CIS for containment, clean up, and abatement costs associated with the fire;

   g.  Failing to indemnify the City of Umatilla and/or CIS for damages caused by Petitioner to the marina's structure; and

   h.  Failing to fully and completely indemnify and hold harmless the City from all costs, expenses, damages, and claims arising on account of the fire.

17. Petitioner's breach of the Moorage Lease Agreement caused damages to the City of Umatilla, for which CIS is subrogated to the City's rights, and therefore the City and CIS

Page 6 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

have borne costs that should have been paid by Petitioner pursuant to the Moorage Lease Agreement, including attorneys' fees and expert witness fees.

### Count 2 – City of Umatilla Claim for Breach of Contract

18. The City of Umatilla incorporates the allegations in Paragraphs 1 through 17 of the Claim as if set forth fully here.

19. The City of Umatilla incurred costs and damages associated with the fire that started on Petitioner's vessel.

20. The City of Umatilla's costs and damages were the result of Petitioner Cohu's breach of the Moorage Lease Agreement entered into between him and the City of Umatilla.

21. The City of Umatilla did not breach the Moorage Lease Agreement.

22. Petitioner Cohu breached the Moorage Lease Agreement by:

   a. Not maintaining his vessel in a seaworthy condition;

   b. Not procuring insurance for the City by having the City named as an additional insured as required by the Moorage Lease Agreement;

   c. Not maintaining his vessel in such a condition that it did not constitute a fire or sinking hazard;

   d. Not removing his vessel from the City of Umatilla's marina immediately after the vessel sank;

   e. Failing to indemnify the City of Umatilla for disposition of Petitioner's debris, waste, or refuse;

   f. Failing to indemnify the City of Umatilla for containment, clean up, and abatement costs associated with the fire;

   g. Failing to indemnify the City of Umatilla for damages caused by Petitioner to the marina's structure; and

   h. Failing to fully and completely indemnify and hold harmless the City from all costs, expenses, damages, and claims arising on account of the fire.

Page 7 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

23. Petitioner's breach of the Moorage Lease Agreement caused damages to the City of Umatilla by burning the Marina's dock structure, and causing costs that should have been paid by Petitioner pursuant to the Moorage Lease Agreement, including attorneys' fees and expert witness fees.

**SECOND CAUSE OF ACTION – CITY OF UMATILLA CLAIM FOR NEGLIGENCE**

24. The City of Umatilla incorporates the allegations in Paragraphs 1 through 23 of the Claim as if set forth fully here.

25. Petitioner failed to fulfill his duty to exercise reasonable care in maintaining his vessel and gear on his vessel such that it did not constitute a fire or sinking hazard.

26. The fire was caused solely by the negligence of Petitioner, including lack of due care, lack of maintenance, failing to properly equip the vessel, and other acts or omissions of Petitioner which may be shown at trial and which were not caused in any way by the City of Umatilla.

27. Because Petitioner failed to exercise reasonable care in maintaining his vessel and its gear, his vessel caught fire and caused fire damage to several other vessels in the marina and to the marina structures. As a result of the physical damages, the damages structure and interconnected equipment has and/or will be taken out of service for repairs.

28. Petitioner's failure to exercise reasonable care in maintaining his vessel also caused the City to lose revenue as a result of physical damage to the marina structures as several slips in the marina were damaged and rendered incapable of being rented to other moorage tenants.

**THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT**

29. The City of Umatilla and CIS incorporates the allegations in Paragraphs 1 through 28 of the Claim as if set forth fully here.

30. An actual, present, and justiciable controversy exists between the City of Umatilla and CIS, and Petitioner, concerning their respective rights and obligations arising from the January

Page 8 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

LINDSAY HART, LLP
900 SW FIFTH AVENUE, SUITE 2700
PORTLAND, OREGON 97204-1206
PHONE: 503-226-7677 FAX: 503-226-7697

2026 fire at the Umatilla Marina, including the City and CIS' rights under the Moorage Lease Agreement.

31. The City of Umatilla and CIS contend the fire was caused by and originated on Petitioner's vessel, and as a result, that Petitioner is obligated under the Moorage Lease Agreement to bear the costs of removal and/or remediation associated with the fire, sinking of vessels, and damage to the Marina and third-party vessels. Petitioner Cohu denies all liability and responsibility for costs and damages associated with the fire, and has not reimbursed the City or CIS for related costs and damages.

32. The City of Umatilla and CIS therefore seeks a judicial declaration that: (a) the Moorage Lease Agreement governed the relationship between Petitioner and the City of Umatilla, and CIS by virtue of subrogation, and (b) that under the Moorage Lease Agreement Petitioner is responsible for all damage to the Marina and third-party vessels, all damages related to removal, clean-up, and/or remediation related to the fire or sinking of vessels, administrative time related to coordinating removal and/or remediation after the fire, and for completely indemnifying and holding the City of Umatilla harmless for all costs, expenses, attorneys' fees, and damages arising on account of the fire.

## PRAYER FOR RELIEF

WHEREFORE, the City of Umatilla and CIS pray that their Answer and Claim be deemed good and sufficient and that after due proceedings be had, there be judgment in their favor against Petitioner, denying and dismissing Petitioner's Petition for Exoneration From and/or Limitation of Liability, with prejudice and at the cost of Petitioner. Furthermore, the City of Umatilla and CIS assert claims against Petitioner Cohu for damages, prejudgment interest, attorneys' fees and expert witness fees, costs, a declaratory judgment, and such further relief as this Court awards, and pray that there be judgment herein in favor of Claimants against Petitioner, for all actual and contingent damages sought, including costs, pre-judgment and post-judgment interest, and for all other such

Page 9 – **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON, AND CIS**

general and equitable relief and remedies to which they are entitled and which the Court is competent to grant.

DATED this 4th day of August 2026.

LINDSAY HART, LLP


By:  /s/ James Molyneux-Elliot
Thomas E. McDermott, OSB No. 762430
tmcdermott@lindsayhart.com
James Molyneux-Elliot, OSB No. 205062
jmolyneux-elliot@lindsayhart.com
*Attorneys for City of Umatilla and CIS*

CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I served a copy of **ANSWER AND CLAIM OF CLAIMANTS CITY OF UMATILLA, OREGON AND CIS** on the following person in the manner indicated below at the following address:

Markus B.G. Oberg
Lucy B. Wilhelm
Le Gros, Buchanan & Paul, P.S.
4025 Delridge Way SW, Suite 500
Seattle, WA 98106
moberg@legros.com
lwilhelm@legros.com

*Attorneys for Petitioner, Fred Cohu*

☒ Via ECF
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery

☒ A courtesy copy was also emailed to the email addresses listed above

By:  /s/ James Molyneux-Elliot
Thomas E. McDermott, OSB No. 762430
tmcdermott@lindsayhart.com
James Molyneux-Elliot, OSB No. 205062
jmolyneux-elliot@lindsayhart.com
*Attorneys for Claimants City of Umatilla and CIS*

**CERTIFICATE OF SERVICE**