UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

In the Matter of the Petition of Fred Cohu as Owner of the Vessel GINGER LEE, Oregon Hull Identification No. HMH0032M79C, for Exoneration from and/or Limitation of Liability.

Case No. 2:26-cv-01343-HL

FINDINGS AND RECOMMENDATION

---

**HALLMAN, Magistrate Judge:**

Petitioner Fred Cohu ("Petitioner"), as owner of the vessel GINGER LEE, brings this admiralty action for exoneration from and/or limitation of liability arising from a January 19, 2026, fire at the Umatilla Marina. Pet., ECF 1. Now before the Court is Petitioner's Motion for Entry of Final Default Judgment Against All Potential Claimants Who Have Not Appeared, ECF 21 ("Mot."), based on the Clerk's prior entry of default, ECF 20. For the reasons set forth below, the Court recommends that the Motion be GRANTED and that Petitioner be exonerated from liability as against all non-appearing claimants. The claims of the City of Umatilla (the City") and CityCounty Insurance Services ("CIS") remain pending.

## BACKGROUND

Petitioner is the sole owner of the GINGER LEE, Oregon Hull Identification No. HMH0032M79C, a 35-foot 1979 Holiday Mansion (the "Vessel"). Pet. ¶¶ 4–5. On January 19, 2026, the Vessel was moored at the Umatilla Marina in Umatilla, Oregon, in Moorage No. B Dock Slip 24. *Id.* ¶¶ 4,7. The marina is on the Columbia River, a navigable waterway of the United States. Mot. 2. Petitioner was last aboard the Vessel in December 2025 and confirmed that it was secure in its slip and in the same condition as when he had last visited. Pet. ¶ 8. The Vessel was unoccupied when the fire occurred. *Id.* ¶ 9.

At approximately 6:27 a.m. on January 19, 2026, the Umatilla Rural Fire Protection District was dispatched to extinguish the marina fire. *Id.* ¶ 10. The Vessel and two other vessels sank, and four other vessels were damaged. *Id.* The Vessel was completely destroyed, and its burned remnants were removed from the water at the City's direction on or about January 30, 2026. *Id.* ¶ 11. Petitioner alleges that he exercised due diligence to make the Vessel seaworthy, that the fire and resulting damages were not caused or contributed to by his fault or negligence, and that he lacked privity or knowledge of any unseaworthiness or negligence that may have caused or contributed to the fire. *Id.* ¶¶ 6, 12–14. The Vessel's alleged post-fire value was zero, and it carried no freight. *Id.* ¶ 19.

Petitioner filed this action on July 1, 2026. ECF 1. On July 6, 2026, the Court approved the stipulation for value and costs, directed issuance and publication of notice to claimants, and restrained other suits. ECF 5–8. The notice required persons asserting claims arising from the fire to file and serve their claims by August 7, 2026, or be deemed in contumacy and default. ECF 8. The Court required publication once a week for four successive weeks and mailing to known

claimants no later than the second publication. ECF 7. Petitioner deposited $560 as security for costs and interest. ECF 15–16.

Notice was published in the East Oregonian on July 15, July 22, July 29, and August 5, 2026. Aff. of Publication 1, ECF 17. Petitioner represents that notice was also mailed to all persons and entities known to have asserted claims against him or the Vessel on or before July 22, 2026. Mot. 3, 5. The City and CIS timely appeared and filed claims on August 4, 2026. ECF 14. No other claimants appeared or filed claims, and Petitioner represents that no other potential claimant contacted his counsel about filing a claim or requested an extension. Mot. 3.

On September 11, 2026, the Clerk entered default against all persons or entities who may have claims arising from the incident but who had not timely filed a claim or otherwise appeared. ECF 20. Petitioner now seeks a default judgment exonerating him from liability as to those non-appearing claimants. Mot. 1, 8.

**LEGAL STANDARDS**

The Supplemental Rules for Admiralty or Maritime Claims govern actions for exoneration from or limitation of liability. Supp. R. A(1)(A)(iv). The Federal Rules of Civil Procedure also apply except to the extent they are inconsistent with the Supplemental Rules. Supp. R. A(2). Because the Supplemental Rules do not govern default judgments, Rule 55 applies. *Matter of Harbor Breeze Corp.*, No. CV 23-3484-GW-AGRx, 2023 WL 12256458, at *2 (C.D. Cal. Oct. 27, 2023).

Under Rule 55(a), the clerk must enter default when a party against whom affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. After default is entered, the court may enter default judgment under Rule 55(b)(2). The decision whether to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d

1089, 1092 (9th Cir. 1980). Well-pleaded factual allegations, except those relating to damages, are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Legally insufficient claims are not established by default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A default judgment must not differ in kind from, or exceed in amount, the relief demanded in the pleadings. Fed. R. Civ. P. 54(c).

In exercising its discretion, the Court considers (1) the possibility of prejudice to the plaintiff; (2) the merits of the substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The analysis begins with the general rule that default judgments are ordinarily disfavored. *Id.* at 1472.

**DISCUSSION**

**I. Procedural Requirements**

The Court first considers whether Petitioner has satisfied the procedural requirements for default judgment. Before entering default judgment, a court has an affirmative duty to determine whether it has subject matter jurisdiction and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has admiralty jurisdiction under 28 U.S.C. § 1333 over this proceeding under the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., involving a vessel moored on navigable waters in this District. Pet. ¶¶ 1–2, 4, 7; Mot. 2. The Court's jurisdiction over claims arising from the casualty is invoked through the notice procedures prescribed by Supplemental Rule F. Personal service on each potential claimant is not required to sustain the limitation proceeding. *See Morrison v. Dist. Ct. of U.S. for S. Dist. of N. Y.*, 147 U.S. 14, 34 (1893). Publication in accordance with admiralty procedures provides notice to persons having

claims, including those who do not receive actual notice. *Dowdell v. U.S. Dist. Ct. for N. Dist. of Cal.*, 139 F. 444, 445–46 (9th Cir. 1905).

Petitioner complied with the Court's notice and publication requirements under Supplemental Rule F(4). ECF 7–8, 17; Mot. 3, 5. The deadline for filing claims expired on August 7, 2026, and the Clerk entered default against non-appearing claimants under Rule 55(a). ECF 20. None of the claimants against whom judgment is sought has appeared, so additional notice of the application for default judgment is not required under Rule 55(b)(2). Petitioner further represents, on information and belief, that the defaulting parties are not minors, incompetent persons, or persons in military service. Mot. 3. The exoneration requested is the same kind of relief sought in the Petition and therefore complies with Rule 54(c). Pet. 6; Mot. 7. Accordingly, the procedural requirements for default judgment are satisfied.

## II. Default Judgment Under Rule 55

### A. *Eitel* Factors

On balance, the *Eitel* factors favor granting Petitioner's Motion. *Harbor Breeze* provides the pertinent framework. There, the court considered a vessel owner's request for default judgment against non-appearing claimants after notice, publication, and expiration of the claims deadline, while other claimants had appeared. 2023 WL 12256458, at *1–2. The court concluded that the *Eitel* factors supported exoneration as against the non-appearing claimants. *Id.* at *2–4. The same result is appropriate here.

The first factor favors Petitioner. Without default judgment, Petitioner cannot obtain resolution of his request for exoneration against potential claimants who failed to participate despite notice. Their absence makes a merits determination as to their claims impracticable. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

The second and third factors address the merits of Petitioner's claim and the sufficiency of the Petition and are considered together. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Supplemental Rule F(2) permits a complaint to demand exoneration as well as limitation of liability. The Petition identifies Petitioner's ownership, the Vessel, the casualty, the known potential claims, the Vessel's post-casualty value, and the absence of pending freight. Pet. ¶¶ 4–5, 7–11, 19, 21–22. It further alleges seaworthiness, absence of fault or negligence attributable to Petitioner, and lack of privity or knowledge. *Id.* ¶¶ 6, 12–14.

These allegations, taken as true as against the defaulting claimants, establish his entitlement to exoneration. As *Harbor Breeze* explains, the claimant bears the burden of proving negligence or unseaworthiness in an admiralty proceeding seeking exoneration or limitation. 2023 WL 12256458, at *3 (citing *Walston v. Lambertsen*, 349 F.2d 660, 663 (9th Cir. 1965)). The non-appearing claimants have offered no evidence of negligence or unseaworthiness and have not contested the allegations supporting exoneration. Thus, the second and third factors favor default judgment against those claimants.[1]

The fourth factor considers the sum of money at stake in relation to the defaulting parties' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Petitioner seeks declaratory relief rather than a monetary award against the defaulting claimants. Although exoneration forecloses their potential recovery arising from the casualty, the requested relief is confined to the incident identified in the Petition and notice. This factor favors default judgment. *Id.* at 1176-77.

---

[1] These conclusions concern only the defaulting claimants and do not resolve the City's or CIS's claims.

The fifth factor considers the possibility of disputed material facts. *Id.* at 1177. The well-pleaded allegations are taken as true against the defaulting claimants, and those claimants have presented no competing factual account. The City and CIS dispute Petitioner's liability, but their claims remain pending and are outside the scope of this Motion. As to the non-appearing claimants, this factor favors default judgment.

The sixth factor considers excusable neglect. The Court-approved notice expressly warned that failure to file and serve a claim by August 7, 2026, would result in default. ECF 8. Notice was published for four successive weeks and mailed to known potential claimants. ECF 17; Mot. 3. No additional claimant appeared or sought an extension, and the record provides no indication that the failure to participate resulted from excusable neglect. This factor favors default judgment.

The seventh factor reflects the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. This factor weighs against default judgment, but it is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1177. The failure of the defaulting claimants to participate makes adjudication of their claims on the merits impracticable. Considering all seven factors, the Court recommends exercising its discretion to enter default judgment.

**B. Relief**

Petitioner seeks exoneration from liability as against all non-appearing claimants whose claims arise from the January 19, 2026, fire. Mot. 7–8. The Petition expressly requests a declaration that Petitioner is not liable for loss or damage arising from that fire. Pet. 6. The requested default judgment is therefore within the relief demanded in the pleading. Fed. R. Civ. P. 54(c). No monetary damages are requested, and no damages hearing is necessary.

Limitation proceedings are equitable in nature. *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986). Following *Harbor Breeze*, declaratory relief exonerating Petitioner from liability to non-appearing claimants is reasonable and within the Court's equitable power. 2023 WL 12256458, at *4; *see also Matter of Malikalalou, Inc.*, No. 3:20-cv-01693-H-MSB, 2021 WL 254234, at *3 (S.D. Cal. Jan. 26, 2021); *Matter of Won*, No. 2:17-cv-00882-PA-JEM, 2018 WL 6075353, at *3 (C.D. Cal. Mar. 5, 2018). The judgment should expressly exclude the City and CIS, which timely appeared and filed claims. ECF 14. Those claims will proceed in this action.

**RECOMMENDATION**

The Court recommends that Petitioner's Motion for Entry of Final Default Judgment Against All Potential Claimants Who Have Not Appeared, ECF 21, be GRANTED. The following judgment should be entered:

Petitioner Fred Cohu, as owner of the vessel GINGER LEE, Oregon Hull Identification No. HMH0032M79C, is fully exonerated from liability as against all persons and entities, known or unknown, who may have claims for losses, damages, or injuries arising out of, resulting from, or in any manner connected with the January 19, 2026, fire at the Umatilla Marina involving the GINGER LEE, but who failed to timely file and serve a claim or otherwise appear in this action and against whom default was entered on September 11, 2026, ECF 20.

This judgment does not apply to the City of Umatilla or CityCounty Insurance Services, does not adjudicate their claims or Petitioner's defenses to those claims, and does not terminate this action. Their claims remain pending.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from Service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 9th day of October, 2026.

ANDREW HALLMAN
United States Magistrate Judge